1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE M. KASSAB, et al., | Case No. 11cv01530 BTM (WMc) |
| Plaintiffs, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT, DENYING MOTIONS TO DISMISS, AND ORDERING PLAINTIFFS TO SERVE DEFENDANTS** |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | |
| Defendants. | |

Pending before the Court are Defendants' Motion to Set Aside Default (Doc. 23), first Motion to Dismiss (Doc. 24), and second Motion to Dismiss (Doc. 27).  For the reasons set forth herein, the Court GRANTS the Motion to Set Aside Default, DENIES the Motions to Dismiss, and ORDERS Plaintiffs to serve all Defendants within 45 days of the entry of this Order in the manner prescribed by Federal Rule of Civil Procedure 4.  The Court also ORDERS the parties to appear before the Court for a show cause hearing on Monday, September 10, 2012, at 2:00 p.m.

a.      Motion to Set Aside Default

Defendants argue that Defendant United States Department of Agriculture ("USDA") was improperly served, and that the entry of default against Defendant USDA should

therefore be set aside.  The Court agrees, and GRANTS the Motion to Set Aside Default.
See Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992) (holding that improper service presents good cause to set aside entries of default).  The Clerk shall set aside the default entered against Defendant USDA (Doc. 22).

b.    Motions to Dismiss

The Motions to Dismiss are also based entirely on Defendants' allegations of improper service.  In their first Motion to Dismiss, filed on December 22, 2011, Defendants claimed that Plaintiffs had not properly served the individual defendants because Plaintiffs had served a copy of the summons and complaint on neither the United States Attorney's Office nor the United States Attorney General's Office.  On February 28, 2012, Plaintiffs filed a certificate of service (Doc. 26), showing that Plaintiffs served a copy of the summons and complaint on the United States Attorney's Office for the Southern District of California.  In their second Motion to Dismiss, filed April 13, 2012, Defendants argued that Plaintiffs still had not served a summons and complaint on the United States Attorney General's Office.  Defendants also argued that Defendant Flowers was not properly served in her individual capacity because Defendant Keh, the party that Plaintiffs *actually* served, was not authorized to receive service for Defendant Flowers in her individual capacity.  Defendants also alleged that Defendant Wilusz never received service.

Where a plaintiff has not served a defendant within the 120-day period prescribed by Federal Rule of Civil Procedure 4(m), the Court has discretion either to "dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The Court declines to dismiss this case as a result of the previous defects in Plaintiffs' efforts to serve Defendants, and accordingly DENIES both Motions to Dismiss.  The Court ORDERS that Plaintiffs must serve all Defendants within 45 days of the entry of this Order.  The Court further ORDERS that the parties shall appear before the Court on Monday, September 10, at 2:00 p.m., and ORDERS Plaintiffs to show cause at the September 10

11cv01530 BTM (WMc)

hearing why this case should not be dismissed for failure to effectuate service.

c.      Instructions for Service

        Federal Rule of Civil Procedure 4(i)(1) sets forth the service requirements for United States agencies, and Rule 4(i)(2) sets forth the service requirements for United States officers and employees sued in their official capacities.  Rule 4(i)(3) sets forth the service requirements for United States officers and employees sued in their individual capacities. **To be absolutely clear, in order to serve Defendants properly, Plaintiffs must do the following with respect to each Defendant**:

Defendant United States Department of Agriculture.  Plaintiff must serve a copy of the summons and complaint on each of the following:

1.      The United States Attorney's Office for the Southern District of California.  This Plaintiffs have already done (Doc. 26).

2.      The United States Attorney General's Office, by registered or certified mail. **This Plaintiffs have not done.**

3.      The United States Department of Agriculture, by registered or certified mail. This Plaintiffs have done.  (Doc. 16).

Individual defendants in their official capacities (Jocelyn J. Keh, Sylvia Flowers, Daniel Wilusz).  Plaintiff must serve a copy of the summons and complaint on each of the following:

1.      The United States Attorney's Office for the Southern District of California.  This Plaintiffs have already done (Doc. 26).

2.      The United States Attorney General's Office, by registered or certified mail. **This Plaintiffs have not done.**

3.      Each individual defendant, by registered or certified mail. **This Plaintiffs have not done.**

//
//
//
//

3

<u>Individual Defendants sued individually</u> (Jocelyn J. Keh, Sylvia Flowers, Daniel Wilusz). Rule 4(i)(3) requires that Plaintiffs serve the individual defendants sued individually in the manner prescribed by either Rule 4(e) ("Serving an Individual Within a Judicial District of the United States"), Rule 4(f) ("Serving an Individual in a Foreign Country"), <u>or</u> Rule 4(g) ("Serving a Minor or Incompetent Person"). Unless the individual Defendants are in a foreign country, or are either minors or incompetent persons, Rule 4(e) is the applicable provision. Rule 4(e) permits service of individuals within a judicial district in the United States by:

    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; OR

    (2)    doing any of the following:

        (A)    delivering a copy of the summons and of the complaint to the individual personally; OR

        (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone who is of suitable age and discretion who resides there; OR

        (C)    delivering a copy of each to an agent authorized by law to receive service of process.

It appears that Plaintiffs have properly served Defendant Keh in her individual capacity by personally serving on her a copy of the summons and complaint (Doc. 15). Plaintiffs attempted to serve Defendant Flowers by serving Defendant Keh, claiming Defendant Keh is authorized to accept service on behalf of Defendant Flowers (Doc. 17). However, Defendant Keh is not authorized to accept service for Defendant Flowers (Keh Decl., Doc. 27-3, at ¶ 3), and thus Defendant Flowers has not been properly served. There is no evidence in the record that Defendant Wilusz has been served. **Accordingly, Plaintiffs still must served Defendants Flowers and Wilusz in the manner prescribed above.**

//
//
//
//
//

1

## CONCLUSION

2

3        For the reasons set forth above, the Court GRANTS the Motion to Set Aside Default

4   (Doc. 23), DENIES the Motions to Dismiss (Docs. 24 and 27), and ORDERS Plaintiffs to

5   serve all Defendants within 45 days of the entry of this Order in the manner prescribed by

6   Federal Rule of Civil Procedure 4.  The Court also ORDERS the parties to appear before the

7   Court on Monday, September 10, 2012, at 2:00 p.m.

8        The Clerk shall set aside the default entered against Defendant USDA (Doc. 22).

9

10  **IT IS SO ORDERED.**

11  DATED:  July 16, 2012

12                              _____
                                BARRY TED MOSKOWITZ, Chief Judge
13                              United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv01530 BTM (WMc)